[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
While the right to a trial by jury is constitutionally guaranteed, a person may waive that right. Noren v. Wood, 721 Conn. 96, 98, but the inference of intent to waive must be based on reasonably clear evidence. Krupa v. Farmington River Power Co., 137 Conn. 153, 156.
Whether a party has waived his right to a jury trial presents a question of fact for the trial court. Krupa v. Farmington River Power Company, supra. The facts are clear from Anthony Pellicci's deposition that he did not read the documents before he signed them and it also discloses that even if he had he would not have understood the jury waiver provision anyway. Other facts material to the determination of waiver are:
a. Anthony Pellicci has spent his entire adult life working or managing the restaurant in connection with which the documents were signed;
b. He was not coerced or pressured into signing;
c. He was not in a "no real choice" situation;
d. The waiver provisions, especially in the guarantees, were not in obscure locations or written in fine print. Feldman Son Ltd. v. Checker Motor Corp., 572 F. Sup. 310, 313. Accordingly, the motion to strike from the jury docket is granted.
MOTTOLESE, Judge